1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED F. ORELLANA, | Case No.  1:24-cv-01590-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| SOM, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS |
| Defendant. | (ECF Nos. 1, 8) |
| | **FOURTEEN (14) DAY DEADLINE** |

I.      **Background**

Plaintiff Fred F. Orellana ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On June 3, 2025, the Court screened the complaint and found that Plaintiff stated a cognizable claim against Defendant Som for deliberate indifference to medical care in violation of the Eighth Amendment for the lack of care provided after the fall, but failed to state any other cognizable claims for relief.  (ECF No. 7.)  The Court ordered Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only on the cognizable claim identified by the Court.  (*Id.*)  On June 25, 2025, Plaintiff notified the Court that he is agreeable to proceeding only on the cognizable claim identified by the Court and does not intend to amend.

1

1  (ECF No. 8.)

2  **II.      Screening Requirement and Standard**

3          The Court is required to screen complaints brought by prisoners seeking relief against a

4  governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

5  § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

6  or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

7  relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

8          A complaint must contain "a short and plain statement of the claim showing that the

9  pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

10  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

11  conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

12  *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

13  true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*,

14  572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

15          To survive screening, Plaintiff's claims must be facially plausible, which requires

16  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

17  for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

18  *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

19  is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

20  standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

21          **A.      Allegations in Complaint**

22          Plaintiff is currently housed in Valley State Prison in Chowchilla, California, where the

23  events in the complaint are alleged to have occurred.  Plaintiff names Dr. Som, primary care

24  doctor, as the sole defendant.

25          In claim 1, Plaintiff alleges that he is diabetic and a patient of Dr. Som.  Plaintiff has been

26  treated for pain and instability in his right leg for several months (April–July 2023).  During this

27  time, Plaintiff requested an ADA assisted walker because of the extreme instability of his right

28  leg but was denied by Dr. Som, who said that Plaintiff did not qualify.  Two months later,

1    Plaintiff suffered a severe fall in the shower injuring his right leg and causing massive bruising.

2    Plaintiff was sent by his housing unit officer to medical to be seen by Dr. Som.  Dr. Som ignored

3    Plaintiff's pleas for help and refused treatment saying to take it back to his cell and that Plaintiff

4    will be alright.  Dr. Som refused to even evaluate Plaintiff's foot injury or the threat that Plaintiff

5    being a diabetic posed with such an injury.

6         Two days passed, and the injury grew worse walking.  Plaintiff was in extreme pain and

7    making it impossible for Plaintiff to walk.  Plaintiff's foot was turning black with infection and

8    extremely painful.  Plaintiff's floor officer again sent Plaintiff back to medical where again Dr.

9    Som refused Plaintiff treatment sending Plaintiff back to his cell telling him to rest and he will be

10   alright.  On the third day, Plaintiff's floor officer sent Plaintiff back to medical where Plaintiff's

11   foot is now turning totally black and swelling with infection.  Medical staff then determined to

12   send Plaintiff out for emergency medical care.  The emergency medical personnel at the outside

13   hospital determined that Plaintiff's foot was gangrene and emergency surgery was needed to

14   amputate Plaintiff's leg from the knee down.  The infection had begun to spread from the foot up

15   Plaintiff's leg and warranted the leg being amputated beginning at the right knee.  Defendant Som

16   failed Plaintiff due to his total lack of care and refusing to afford Plaintiff the care that would

17   have saved his leg from being amputated.  Dr. Som was negligent in his duties and derelict in his

18   treatment and care of Plaintiff.  Plaintiff still wakes up with phantom pains reaching for a foot

19   that is no longer there but still experiencing the pain as if it was still in existence.  The pain never

20   stops.

21         In claim 2, Plaintiff alleges medical malpractice and realleges the prior allegations.  Dr.

22   Som engaged in medical malpractice when he failed to treat Plaintiff for injuries that led to

23   Plaintiff's leg being amputated from the right knee down.  Dr. Som being Plaintiff's primary care

24   physician is charged with Plaintiff's medical care and well-being.  Dr. Som denied Plaintiff

25   treatment, prevailing standards of care dictate Plaintiff should have been afforded to alleviate the

26   pain and suffering he was experiencing and to stop the infection from happening and from

27   spreading up the leg causing an unnecessary amputation of the leg from the knee down.  Dr. Som

28   should have known that diabetics are prone to infection when they are bruised.  Dr. Som refused

3

1   to treat Plaintiff as a diabetic with an injury.  He ignored the threat to Plaintiff even as Plaintiff

2   informed him that Plaintiff's foot is turning completely black.  He refused treatment that led to

3   amputation and refused to issue Plaintiff antibiotics to stop the infection from spreading.  Plaintiff

4   fell in the shower and was refused by his doctor an ADA assisted walker.  Plaintiff was housed in

5   a cell with no ADA grab bars.

6        As remedies, Plaintiff seeks compensatory and punitive damages and an injunction

7   preventing Dr. Som from harming anyone else again.

8        **B.**      **Discussion**

9        Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and fails to

10   state a cognizable claim for relief, except as noted below.

11           **1.**      **Federal Rule of Civil Procedure 8 and Linkage**

12        Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim

13   showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Detailed factual allegations

14   are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

15   conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must

16   set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

17   its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations

18   are accepted as true, legal conclusions are not.  *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*,

19   572 F.3d at 969.

20        Plaintiff must clearly state factual support for what happened, when it happened, and who

21   was involved.

22           **2.**      **Eighth Amendment – Medical Care**

23        A prisoner's claim of inadequate medical care does not constitute cruel and unusual

24   punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of

25   "deliberate indifference to serious medical needs."  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.

26   2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  The two-part test for deliberate

27   indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure

28   to treat a prisoner's condition could result in further significant injury or the 'unnecessary and

1    wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately

2    indifferent." *Jett*, 439 F.3d at 1096.

3        A defendant does not act in a deliberately indifferent manner unless the defendant "knows

4    of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825,

5    837 (1994). "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty., Ariz.*, 609

6    F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is

7    shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible

8    medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096. In applying this

9    standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have

10   been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,'

11   'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter*

12   *Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06). Even gross

13   negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood*

14   *v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

15       At the pleading stage, Plaintiff has alleged facts that he was in serious medical need and

16   that Defendant's response was deliberately different. Plaintiff alleges he had a serious fall

17   resulting in an obvious injury, and Dr. Som refused to provide any treatment. As the injury grew

18   worse over several days, Dr. Som, who should have known of the risk to Plaintiff as a diabetic,

19   did not provide care despite Plaintiff's leg turning black.

20       Plaintiff fails to state a claim against Dr. Som for denial of an ADA assisted walker.

21   Plaintiff does not appear to be making an Americans with Disabilities ("ADA") Title II claim

22   based on exclusion from participation in or denial of the benefits of services, programs, or

23   activities. It appears to be a claim of denial of medical care for denying Plaintiff a walker.

24   However, Plaintiff fails to state a claim.

25       A "difference of opinion between a physician and the prisoner—or between medical

26   professionals—concerning what medical care is appropriate does not amount to deliberate

27   indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891

28   F.2d at 242, overruled in part on other grounds, *Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th

Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122–23 (9th Cir. 2012)) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health."  *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

### 3.    State Law Claim – Medical Malpractice

To the extent Plaintiff also alleges violations of California law, Plaintiff is informed that the California Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2.  Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.  *State v. Super. Ct. of Kings Cty. (Bodde),* 32 Cal. 4th 1234, 1239 (Cal. 2004); *Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 209 (2007).  To state a tort claim against a public employee, a plaintiff must allege compliance with the California Tort Claims Act. Cal. Gov't Code § 950.6; *Bodde*, 32 Cal. 4th at 1244.  "[F]ailure to allege facts demonstrating or excusing compliance with the requirement subjects a complaint to general demurrer for failure to state a cause of action."  *Bodde*, 32 Cal. 4th at 1239.

Plaintiff does not allege that he has complied with the Government Claims Act.

### 4.    Injunctive Relief

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ["PLRA"], which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  In cases brought by prisoners involving conditions of confinement, any injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2). Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a

1  preliminary injunction and should not grant such relief unless the facts and law clearly favor the

2  plaintiff." *Comm. of Cent. Amer. Refugees v. I.N.S.*, 795 F.2d 1434, 1441 (9th Cir. 1986), quoting

3  *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984).

4  **III.    Conclusion and Recommendation**

5         Based on the above, the Court finds that Plaintiff's complaint states a cognizable claim

6  against Defendant Som for deliberate indifference to medical care in violation of the Eighth

7  Amendment for the lack of care provided after the fall.  However, Plaintiff's complaint fails to

8  state any other cognizable claims for relief.

9         Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a

10  District Judge to this action.

11         Furthermore, it is HEREBY RECOMMENDED that:

12  1.  This action proceed on Plaintiff's complaint, filed December 27, 2024, (ECF No. 1),

13       against Defendant Som for deliberate indifference to medical care in violation of the

14       Eighth Amendment for the lack of care provided after the fall; and

15  2.  All other claims be dismissed based on Plaintiff's failure to state claims upon which relief

16       may be granted.

17                                              *  *  *

18         These Findings and Recommendations will be submitted to the United States District

19  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within

20  **fourteen (14) days** after being served with these Findings and Recommendations, the parties may

21  file written objections with the court.  The document should be captioned "Objections to

22  Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed**

23  **fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page**

24  **number if already in the record before the Court.  Any pages filed in excess of the 15-page**

25  **limit may not be considered.**  The parties are advised that failure to file objections within the

26  specified time may result in the waiver of the "right to challenge the magistrate's factual

27  ///

28  ///

                                               7

findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter*

*v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:  __June 26, 2025__            ___/s/ Barbara A. McAuliffe___

                                       UNITED STATES MAGISTRATE JUDGE