1

2

3

4

5

6

7         # UNITED STATES DISTRICT COURT

8              EASTERN DISTRICT OF CALIFORNIA

9

10    FRED F. ORELLANA,                    Case No.  1:24-cv-01590-KES-BAM (PC)

11                    Plaintiff,           FINDINGS AND RECOMMENDATIONS
                                           RECOMMENDING DISMISSAL OF
12            v.                           DEFENDANT SOM, WITHOUT PREJUDICE,
                                           FOR FAILURE TO SERVE AND DISMISSAL
13    SOM,                                 OF ACTION

14                    Defendant.           (ECF Nos. 13, 17)

15                                         **FOURTEEN (14) DAY DEADLINE**

16

17         Plaintiff Fred F. Orellana ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

18    *pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against

19    Defendant Som for deliberate indifference to medical care in violation of the Eighth Amendment

20    for the lack of care provided after the fall.

21    **I.       Background**

22         On September 16, 2025, the Court issued an order directing service on Defendant Som

23    under the Court's E-Service pilot program for civil rights cases for the Eastern District of

24    California.  (ECF No. 13.)  On September 28, 2025, the Court received information that

25    Defendant Som could not be identified.   Service documents were forwarded to the United States

26    Marshals Service for service.  On November 14, 2025, the United States Marshal filed a return of

27    service unexecuted as to Defendant Som.  (ECF No. 16.)  On November 14, 2025, the Court

28    issued an order for Plaintiff to show cause, within thirty days, why Defendant Som should not be

dismissed from this action, and warning Plaintiff that failure to respond to the Court's order would result in the dismissal of any unidentified defendant from this action, due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).  (ECF No. 17.) Plaintiff did not file a response, and the time in which to do so has expired.

**II.    Legal Standard**

Pursuant to Federal Rule of Civil Procedure 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, a United States Marshal, upon order of the court, shall serve the summons and the complaint.  Fed. R. Civ. P. 4(c)(3).  "[A] prisoner 'is entitled to rely on the U.S. Marshal for service' . . . as long as he or she 'provide[s] the necessary information to help effectuate service.'"  *Schrubb v. Lopez*, 617 F. App'x. 832, 832 (9th Cir. 2015) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995)).  "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'"  *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)), *overruled on other grounds by Sandin*, 515 U.S. at 483–84.  However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate.  *Walker*, 14 F.3d at 1421–22.

**III.    Discussion**

The Court directed electronic service on Defendant Som with the information that Plaintiff provided.  However, the information was not sufficient to identify Defendant Som for service of process.  The U.S. Marshal then attempted personal service on Defendant, but also was informed that Defendant Som could not be identified by the institution or using a search of the

1    Department of Consumer Affairs website based on the provided information.  (ECF No. 16.)

2         Plaintiff was afforded an opportunity to provide further information to locate Defendant

3    Som.  However, Plaintiff did not respond to the Court's order and did not provide any additional

4    information to assist the U.S. Marshal in locating Defendant Som for service of process.  As no

5    additional information has been provided, and as the Marshal has already attempted to serve

6    Defendant Som without success, the Court finds that Plaintiff has not provided sufficient

7    information to identify and locate Defendant Som for service of process.  As Defendant Som is

8    the only defendant in this action, this case cannot proceed.

9    **IV.    Conclusion and Recommendations**

10        For the reasons stated, it is HEREBY RECOMMENDED as follows:

11     1.  Defendant Som be dismissed, without prejudice, for failure to serve process pursuant to

12         Federal Rule of Civil Procedure 4(m); and

13     2.  This action be dismissed, without prejudice.

14        These Findings and Recommendations will be submitted to the United States District

15    Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within

16    **fourteen (14) days** after being served with these Findings and Recommendations, the parties may

17    file written objections with the court.  The document should be captioned "Objections to

18    Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed**

19    **fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page**

20    **number if already in the record before the Court.  Any pages filed in excess of the 15-page**

21    **limit may not be considered.**  The parties are advised that failure to file objections within the

22    specified time may result in the waiver of the "right to challenge the magistrate's factual

23    findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter*

24    *v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

      IT IS SO ORDERED.

25

26    Dated:   __December 29, 2025__          ____/s/ *Barbara A. McAuliffe*____

27                                            UNITED STATES MAGISTRATE JUDGE

28

                                              3